IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Elizabeth Ford,

Debtor.

C/A No. 05-44958-JW

Chapter 13

**ORDER**

FILED
___O'clock & ___min
MAR 10 2006
United States Bankruptcy Court
Columbia, South Carolina (6)

This matter comes before the Court upon an Objection to Claim filed by Elizabeth Ford ("Debtor") on December 12, 2005. In the Objection to Claim, Debtor seeks to disallow the claim of National City Mortgage Co. ("National City") as a secured claim. In order to obtain allowance of its proof of claim as filed, National City filed a timely response to Debtor's Objection to Claim. After considering the evidence presented and the submissions and arguments of counsel at hearing on Debtor's Objection to Claim[1], the Court makes the following Findings of Fact and Conclusions of Law.[2]

## FINDINGS OF FACT

1.      National City filed a proof of claim on November 30, 2005. The proof of claim indicates that National City has a claim secured by a first mortgage on a mobile home and the Debtor's real property located at 240 Samuel Camp Road, Anderson, South Carolina in the amount of $104,957.72. The $104,957.72 includes an arrearage of $12,457.93. National City subsequently amended its claim to attach additional documents (the original and amended claim shall be collectively referred to as the "Proof of Claim").

2.      National City filed a foreclosure action ("Foreclosure Action") in Anderson County, South Carolina against the Debtor prepetition on May 9, 2005. The Foreclosure Action was

---

[1] In its response, National City raised the issue that Debtor was required to bring an adversary proceeding to void National City's mortgage and cannot do so through the claims objection process under Bankr. R. Civ. Pro. 3007 and 7001 and In re Cen-Pen Corp v. Hanson, 58 F.3d 89 (4th Cir. 1995). At the hearing, counsel for the Debtor and National City agreed to waive this procedural objection and consented to the Court determining this matter on the merits at the claim objection hearing.

[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

**ENTERED**
MAR 10 2006
**J.G.S.**

captioned as <u>National City Mortgage Co. v. Elizabeth Ford, ABN AMRO Mortgage Group, Inc. Anderson Discount Housing and South Carolina Department of Motor Services,</u> 2005-CP-04-1233.

3.  Debtor's current bankruptcy counsel, Charles Griffin, Esq. ("Griffin"), also represented Debtor in the Foreclosure Action.

4.  Griffin filed an answer ("Answer") to the Complaint in the Foreclosure Action on behalf of Debtor. At paragraph 9 of the Answer, Debtor admits that National City has a purchase money mortgage on the mobile home and Debtor's real property located at 240 Samuel Camp Road, Anderson, South Carolina.

5.  Debtor did not include a counterclaim or otherwise seek to challenge the validity of National City's note and mortgage in her Answer.

6.  During the course of the Foreclosure Action, National City also served Debtor with requests to admit ("Requests to Admit") in order to have Debtor admit to the validity of National City's note and mortgage. Debtor did not file any response to National City's Requests to Admit, thereby admitting the Requests to Admit.

7.  A state court held a hearing on the Foreclosure Action; and thereafter, on September 29, 2005, it entered an Order and Judgment of Foreclosure and Sale ("Order and Judgment").

8.  In the Order and Judgment, the state court found and held that:

> 11. This Mortgage constitutes a first mortgage lien on the subject property and is a purchase money mortgage;...
>
> 19. The 2002 Chandeler Mobile Home Serial Number 7031A, which is attached to the real property, as well as the land described in the mortgage, secure Plaintiff's loan;... and...
>
> 23. [the] TOTAL DEBT secured by Note and Mortgage, including interest to date shown [is] $105,920.12....

2

9.  As is reflected in the Order and Judgment, Griffin represented Debtor at the foreclosure hearing and proper notice of the foreclosure hearing was provided to all parties.

10. No appeal of the Order and Judgment was filed.

11. On October 28, 2005, Debtor filed a Notice of Motion and Motion to Stay Foreclosure Sale ("Motion to Stay") to obtain an order staying the foreclosure sale on the grounds that there is a pending putative class action against National City. Apparently, Debtor is a member of the putative class, and a number of pending foreclosure actions had been stayed in light of the pending class action.

12. The foreclosure sale for Debtor's mobile home and real property was scheduled for November 1, 2005.

13. The Motion to Stay was neither heard nor granted prior to Debtor's bankruptcy filing on November 1, 2005.

## CONCLUSIONS OF LAW

### A. Debtor Failed to Meet her Burden of Proof

When objecting to a claim, the objecting party has the burden of presenting evidence sufficient to overcome the prima facie presumption that a timely filed proof of claim is valid. In re Polymer Group, Inc., C/A No. 02-05773-W, slip op. (Bankr. D.S.C. May 21, 2003).

By filing the Objection to Claim, Debtor seeks to disallow National City's claim on the basis that:

> National City Mortgage Co.'s purported secured claim does not comply with 37-10-105 S.C. Code Ann. among other things, since there was no meaningful representation by an attorney at the closing regarding the mortgage contract which is the subject of this action which renders the mortgage instrument void ab initio.

3

Debtor's counsel cites to the following circumstances to establish that National City's claim should be disallowed:

a. Debtor is a member of a putative class in a pending putative class action lawsuit in which the class raises attorney preference actions and other claims against National City;

b. National City's claim is void because National City violated S.C. Code Ann. § 37-10-105 and the attorney preference statutes;

c. National City sued the attorneys that closed Debtor's note and mortgage for certain acts of misconduct and failure to protect National City's interests, National City has conceded that Debtor's closing was improperly done;

d. the attorneys who closed the Debtor's loan were convicted of certain criminal activity and subject to criminal indictments and certain restitution orders; and

e. a final order dismissing an action in a state court proceeding entitled Ohio Savings Bank v. Jerry Frierson et. al, Civ. Action # 2005-CP-43-0015, slip op. (S.C. Ct. Common Pleas-3rd Jud. Cir. recorded July 15, 2005) supports Debtor's objection to National City's claim.

Debtor argues that the Frierson case is precedent for her position that National City's mortgage should be voided by this Court. Although Debtor contends that the existence of the pending putative class action and National City's lawsuit against the closing attorneys, when read in conjunction with Frierson, prove that National City's claim should be voided, Debtor failed to present any evidence demonstrating that National City committed any specific acts that violated the attorney preference statute or other consumer protection code statutes during the closing of Debtor's note and mortgage.[3] Thus, the Court finds that Debtor has not met her burden of proof.

### B. Debtor's Objection is Barred by Res Judicata

Moreover, it appears that Debtor's Objection to Claim is barred by the principles of res judicata because the state court's Order and Judgment finally adjudicated the validity of National

---

[3] The Court notes that Debtor was not present at the hearing on her Objection to Claim and did not provide any testimony or other evidence.

4

City's note and mortgage, as well as the existence and amount of Debtor's indebtedness. The preclusive effect of a state court judgment in federal court depends upon state law. See Levine v. McLeskey, 164 F.3d 210, 213 (4th Cir. 1998) (noting that district court properly utilized Virginia collateral estoppel law to determine preclusive effect of Virginia judgment in federal court). See also In re Swilley, 295 B.R. 839, 846 (Bankr. D.S.C. 2003) (noting that the bankruptcy court typically looks to a forum state's laws to make a determination on collateral estoppel and that federal law on collateral estoppel is applicable where the judgment at issue was rendered in federal a court).

In South Carolina, res judicata requires three elements: (1) the judgment must be final valid and on the merits; (2) the parties in the subsequent action must be identical to the parties in the first; and (3) the second action must involve matters properly included in the first action. Latimer v. Farmer, 360 S.C. 375, 385, 602 S.E.2d 32, 37 (2001). See also In re Trexler, C/A No. 02-04126-W, slip op. at 22 (Bankr. D.S.C. Oct. 15, 2004) ("The elements of res judicata are the following: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits.").

The Order and Judgment appears to be a final valid judgment that has not been appealed. Furthermore, Debtor and National City are the identical parties involved in both the state court Foreclosure Action and this Objection to Claim. The Order and Judgment also appears to be a final determination that National City's note and mortgage are valid and that Debtor owes National City approximately $105,920.12. Given the findings of the state court in the Order and Judgment, the validity of the note and mortgage and the amount of National City's claim were properly included and addressed in the state court Foreclosure Action. Thus, the Order and

5

Judgment appear to have finally adjudicated the validity of National City's mortgage and the amount of its claim which is secured by Debtor's real property and mobile home.

Based on the record presented, the Court concludes that the validity of National City's note and mortgage is subject to the doctrine of res judicata. See Antrum v. Hartsville Production Credit Ass'n. 89 S.E.2d 376, 380 (S.C. 1955) (mortgagor was barred from challenging a foreclosure sale where mortgagor failed to timely appeal or vacate adverse foreclosure decision); Hughes v. Slater, 39 S.E.2d 509, 519 (S.C. 1946) (concluding that matters correctly adjudicated in a decree of foreclosure were settled by the decree); Bartles v. Livingston, 282 S.C. 448, 462, 319 S.E.2d 707, 715 (Ct. App. 1984) (finding that the establishment of an amount owed by a debtor in a decree of foreclosure was a final adjudication of the issue). See also In re The Roof Doctor, Inc., C/A No. 97-01648-W, slip op. at 5-6 (Bankr. D.S.C. Aug. 25, 1998) (A debtor cannot go behind a state court judgment through the bankruptcy claims objection process and re-litigate the merits of the state court lawsuit).

### C. Conclusion

Accordingly, in light of the foregoing, Debtor's objection to National City's claim is hereby denied.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
March 10, 2006